ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 31 2005

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-01-CR-0391-H |
| | § | NO. 3-04-CV-0431-H |
| INCREASE EBONG ISANG | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Increase Ebong Isang, appearing *pro se*, has filed a motion to proceed *in forma pauperis* on appeal. For the reasons stated herein, the district court should find that defendant is indigent but certify that his appeal is not taken in good faith.

I.

Defendant was convicted by a jury of possessing and uttering a forged security in violation of 18 U.S.C. § 513(a) and illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(1). Punishment was assessed at a total of 46 months confinement followed by supervised release for a period of three years. The court also ordered defendant to make restitution in the amount of $85,576.04. His conviction and sentence were affirmed on direct appeal. *United States v. Isang*, No. 02-10719 (5th Cir. Jun. 11, 2003), *cert. denied*, 124 S.Ct. 492 (2003). Defendant also filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. The motion was denied on the merits. *United States v. Isang*, 2004 WL 1637002 (N.D. Tex. Jun. 2, 2004), *COA denied*, No. 04-10755 (5th Cir. Oct. 15, 2004).

On January 25, 2005, defendant filed a pleading entitled "Motion to Reinstate an Issue." By this motion, defendant asked the court to revisit its prior rulings in light of *United States v. Booker*,

125 S.Ct. 738, 2005 WL 50108 (U.S. Jan. 12, 2005).[1] The motion was denied on March 7, 2005. Defendant filed a *pro se* notice of appeal on March 21, 2005. In conjunction with that notice, defendant seeks leave to proceed *in forma pauperis* on appeal.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). A district court "may authorize the commencement, prosecution or defense of any suit . . . or appeal therein, without the prepayment of fees and costs or security therefor, by a person who makes an affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit must also state "the nature of the action, defense or appeal and affiant's belief that he is entitled to redress." *Id.* A court may certify in writing that the appeal is not taken in good faith. *Id.* § 1915(a)(3). An appeal is taken in good faith if it presents an arguable issue on the merits and therefore is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

The information submitted by defendant shows that he lacks the financial resources to pay the costs of an appeal. However, defendant's appeal is patently frivolous. For the reasons stated by the district judge in his order dated March 7, 2005, *Booker* does not apply retroactively to cases on collateral review. Consequently, the court should certify that defendant's appeal is not taken in good faith.

---

[1] In *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d. 403 (2004), a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 124 S.Ct. at 2538. *Booker* extends that holding to invalidate the mandatory nature of the federal sentencing guidelines. *Booker*, 2005 WL 50108 at *15.

## RECOMMENDATION

The district court should find that defendant is indigent but certify that his appeal is not taken in good faith. Accordingly, defendant's motion to proceed *in forma pauperis* on appeal should be denied.

A copy of this recommendation shall be sent to defendant and all counsel of record. Any party may file written objections to the recommendation by **April 15, 2005.** The failure to file written objections shall bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 31, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE